UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DERICK DIGGS** | * | Civil Action No. 2:17-CV-01894 |
| | * | |
| v. | * | Division "F" |
| | * | |
| **DHD OFFSHORE SERVICES, LLC** | * | Section "4" |
| | * | |
| | * | District Judge Martin L.C. Feldman |
| | * | |
| | * | Magistrate Karen Wells Roby |
| | * | |
| ************************************ | * | ********************************* |

**COMPLAINT OF INTERVENTION**

    **NOW INTO COURT**, through undersigned counsel, comes The King Firm, L.L.C., to seek intervention in the above-captioned matter upon respectfully representing to this Honorable Court the following:

1.

On July 26, 2016, plaintiff Derick Diggs entered into a "Contingency Fee Contract" with the King Firm in order to secure their legal services in connection with certain personal injuries and other damages he sustained while employed by and working as a seaman aboard a vessel in navigation owned and/or operated by defendant DHD Offshore Services, L.L.C.

2.

The terms and conditions of the professional engagement between plaintiff Derick Diggs and the King Firm were set forth in detail and in writing in a written and signed Contingency Fee

Contract, attached as Exhibit "A" to the Intervenor's proposed Complaint for Intervention attached hereto.

3.

Plaintiff Derick Diggs terminated the King Firm, without cause.

4.

During the course of representing plaintiff Derick Diggs in this matter, the King Firm incurred fees and expenses and performed valuable legal services for, and on behalf of plaintiff Derick Diggs, beginning on July 26, 2016, until the King Firm was terminated.

5.

The King Firm is entitled to recover the professional fees earned, due, and owing for the legal services provided to plaintiff Derick Diggs, as well as the entirety of all costs and expenses incurred for, or on his behalf, as provided by the written and signed Contingency Fee Contract.

6.

As a result, the King Firm is entitled to a *quantum meruit* recovery of reasonable attorneys fees as result of any recovery by plaintiff Derick Diggs.

7.

Intervenors are entitled to be reimbursed for all costs and expenses incurred during their representation of plaintiff Derick Diggs.

8.

The King Firm is entitled to be paid in preference and priority to any other claim, or claims, from any settlement or judgment obtained in these proceedings for, or on behalf of

plaintiff Derick Diggs, as provided for by Louisiana Law, in general, and in particular, La. Rev. Stat. 9:5001, as Intervenor seeks recovery of attorney fees and expenses.

9.

As a result, pursuant to Rules 5 and 24 of the Federal Rules of Civil Procedure, the King Firm is entitled to intervene in this action and assert its rights and privileges in this case as the King Firm has an interest in the subject matter of the action and are so situated that the final disposition of the above-captioned and numbered cause will impair or impeded their ability to protect their interests.

WHEREFORE, intervenors Brian King, Jason F. Giles, and The King Firm, L.L.C. respectfully move this Honorable Court for an order allowing the filing of the proposed Complaint of Intervention attached hereto and, after due proceedings, for a judgment as prayed for in the Complaint of Intervention.

Respectfully submitted:

_/s/Brian King_____
Brian King (#24817), T.A.
bking@kinginjuryfirm.com
Jason F. Giles (#29211)
jgiles@kinginjuryfirm.com
James E. Courtenay (#31681)
jimmy@kinginjuryfirm.com
The King Firm, LLC
2912 Canal Street
New Orleans, LA 70119
Phone 504-909-5464
Fax 800-901-6470

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2017, a copy of the foregoing Unopposed Motion to File Complaint of Intervention was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties and all counsel of record by operation of the Court's electronic filing system.

                                              */s/Brian King*
                                              BRIAN KING