UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEREK DIGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO:   17-1894** |
| **DHD OFFSHORE SERVICES, LLC** | **SECTION: "F" (4)** |

### ORDER AND REASONS

Before the Court is the Defendant Offshore Specialty Fabricators, LLC ("Offshore")'s **Motion for Leave to File Third Party Demand (R. Doc. 31)** seeking leave of the Court to file a Third-Party Demand against Lloyds of London, Syndicate Number 4711 ("Lloyds"). The motion is unopposed. The motion was submitted on July 26, 2017 and heard without oral arguments.

### I.   Background

This action was filed in the District Court on March 6, 2017 under 28 U.S.C. § 1333(1), the Jones Act, and general maritime law. R. Doc. 1. Plaintiff Derek Diggs ("Plaintiff") alleges that at all material times he was employed by DHD Offshore Services, LLC ("DHD") and permanently assigned to the crew of the DB William Kallop, owned and operated by DHD and/or Offhsore. R. Doc. 9, p. 2. He alleges that on or about July 23, 2016 while aboard the DB William Kallop he fell from a bench that was improperly designed and/or installed and/or maintained as a result of the negligence of DHD and/or Offshore. *Id.*  The Plaintiff seeks maintenance and cure from his employer as well as special damages, general damages and attorneys' fees and costs in the amount of $2,500,000.00.

At this time, Defendant Offshore seeks leave of the Court to file a Third-Party Demand against Lloyds. R. Doc. 31. Pursuant to the Master Service Agreement between DHD and Offshore, Offshore is an additional assured under the Maritime Employers Liability/Maritime General Liability issued by Lloyds to DHD. R. Doc. 31-1, p. 1. As an additional assured, Offshore argues that it is entitled to all the coverage and protections thereof, including a requirement for

1

Lloyds to defend it from the claims made against it by the Plaintiff in this action and to indemnify it from any judgment ultimately rendered. *Id.*

## II. **Standard of Review**

Federal Rule of Civil Procedure 14(a)(1) states that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or **may** be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it filed the third-party complaint more than 14 days after serving its original answer." *Id* (emphasis added). Courts are granted wide discretion in determining whether to permit third-party claims. *McDonald v. Union Carbide Corp.,* 734 F.2d 182, 184 (5th Cir.1984).

Courts have applied several factors when deciding whether to allow a third-party complaint. The factors are: "(1) prejudice placed on the other parties, (2) undue delay by adding the third-party plaintiff, (3) lack of substance to the third-party claim, and (4) advancing the purposes of Rule 14 (such as avoiding duplicative suits on closely related issues)." *Id.* at 183 (citation omitted). The third-party defendant "must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery, or that the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant." *United States v. Joe Grasson & Son, Inc.,* 380 F.2d 749, 750–52 (5th Cir.1967); *United States ex rel. Branch Consultants, LLC v. Allstate Insurance Co.,* 265 F.R.D. 266, 272 (E.D. La.2010) (quoting *Joe Grasson* ).

Rule 14(a) exists to bring in "third parties who are *derivatively* liable to the impleading party." *Vinmar Overseas, Ltd. v. OceanConnect, LLC,* 2012 WL 5989206, at *3 (S.D. Tex. Nov.29, 2012) (*citing Hassan v. La. Dep't of Transp. & Dev.,* 1999 WL 642861, at *2 (5th Cir. July 26, 1999)) (emphasis in original); *see also Briones v. Smith Dairy Queens, Ltd.,* 2008 WL 4200931, at *2 (S.D.Tex. Sept.9, 2008) *(quoting Anadarko Petrol. Corp. v. Great Plains Gas Compression, Inc.,* 2007 WL 38327, at *1 (S.D.Tex. Jan.4, 2007)) ("[s]uch complaints require that

the 'defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.'").

### III. Analysis

A lengthy analysis of the propriety of Defendant Offshore's motion is unnecessary. First, Offhsore's motion for leave to file a third-party deamdn was timely filed per the District Court's scheduling order. R. Doc. 21.[1] Second, the motion is unopposed.

Third, and finally, the Court notes that the third-party complaint appears to easily comport with the requirements of Rule 14. Given the lack of opposition, timeliness, and that the litigation is still in an early stage, there would be no prejudice in allowing the third-party demand. There has also been no undue delay in the filing of the complaint.  The complaint also does not lack substance as Lloyds would be required to indemnify and/or defend Offshore based upon the alleged Master Service Agreement.  Finally, allowing the complaint would advance the purposes of Rule 14 to avoid duplicitous suits on closely related litigation.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant Offshore Specialty Fabricator L.L.C.'s **Motion for Leave to File Third Party Demand (R. Doc. 31)** is **GRANTED.**

New Orleans, Louisiana, this 26th day of July 2017.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] The motion was initially filed on June 24, 2017 (R. Doc. 29). While the motion was marked deficient by the Clerk's office, the deficiency was corrected within the deadline to do so. R. Doc. 31.